NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| GEORGE J. OTLOWSKI, JR., CHARLES FORMAN, DANIEL HRUBES, FOOD FACILITIES INSTALLERS PENSION PLAN TRUST, KATHLEEN GOTTSCHALL, CHRISTOPHER ROSEN, ANTHONY CASINO, DONALD LOHNER, HERMAN GROSS, H&W PROPERTIES, INC., KARA LOGAN KOFKA, WASHINGTON MUTUAL BANK, FIRST AMERICAN TITLE INSURANCE COMPANY, FIRST UNITED MORTGAGE CO., INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No.: 08-3998 (JLL)  **O P I N I O N** |
| Defendants. | ) ) |

**LINARES, District Judge.**

This matter comes before the Court on the motion to withdraw the reference of Plaintiffs Certain Underwriters at Lloyd's of London ("Plaintiffs" or "Underwriters") [CM/ECF #1.]. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth in this Opinion, Plaintiffs' motion is denied.

## BACKGROUND

This action is part of the litigation surrounding New Jersey Affordable Homes, Inc., the

numerous adversary proceedings launched within that bankruptcy, and other related civil cases. As many of the circumstances surrounding the activities of New Jersey Affordable Homes, Inc., are not relevant on the instant motion, and this Court writes only for the parties, only the facts germane to present motion will be recited herein.

On July 17, 2006, Underwriters issued a professional malpractice insurance policy to Defendant George J. Otlowski, Jr. ("Otlowski") as a solo practitioner in New Jersey. (Bennet Dec. Ex. E. at 8.) The policy covered up to $1 million in losses, and ran until July 17, 2007. (Id.)

On April 25, 2008, Underwriters filed suit in the Chancery Division of the Superior Court of New Jersey, Middlesex County. The Underwiters assert that the policy was issued to Otlowski based on his application, and that his application was materially false for three reasons: 1) It failed to disclose four lawsuits related to services Otlowski provided to New Jersey Affordable Homes, Inc., 2) It failed to disclose Otlowski's involvement in a criminal probe of New Jersey Affordable Homes, Inc., 3) and Otlowski's representation that no single client supplied more than twenty percent of his business. (Id. at 9-10, 14, 17-18.) Based on these defects, Underwriters sought rescission of the insurance policy, damages under the New Jersey Fraud Prevention Act, and declaratory judgment in their favor on coverage in numerous lawsuits and adversary proceedings concerning Otlowski. (Id. at 20-33.)

The Trustee of New Jersey Affordable Homes, Inc.'s bankruptcy estate, Charles M. Forman ("the Trustee"), removed this matter to the district court on June 30, 2008, and it was referred to the Bankruptcy Court (at the Trustee's request) on July 3, 2008. Underwriters moved the Bankruptcy Court to withdraw the reference on August 11, 2008, and the Bankruptcy Court

referred the motion to this Court.

Underwriters assert that this Court's reference to the Bankruptcy Court for this matter should be withdrawn, and that this Court should abstain from hearing the matter. (Pl. Br. at 6, 13.) Underwriters also seek to have this Court remand the matter to state court. (Id. at 10.) The Trustee argues that Underwriters have not made a sufficient showing for this Court to withdraw the reference, that the Underwriter's case is a "core" bankruptcy proceeding, that mandatory abstention is not required, and that Underwriters have not demonstrated that this Court should exercise its discretion to abstain. (Opp. Br. at 4, 13, 28, 34.)

## **DISCUSSION**

As provided by 28 U.S.C. § 157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."[1] A district court considers a number of factors to determine whether the reference to the bankruptcy court should be withdrawn, including "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process. " Velocita Corp. v. Construction Mgmt. & Inspection, Inc., 169 F. App'x 712, 716 (3d Cir. 2006) (unreported) (quoting In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990)). This Court has consistently maintained that a threshold portion of the analysis is to determine whether a matter is a "core" proceeding in bankruptcy. See Massachusetts Mut. Life Ins. Co. v. Marinari, No. 07-5201, 2008 WL 1995126, at *2 (D.N.J. May 6, 2008) (asserting that threshold issue in

---

[1]Neither party claims that this matter implicates the mandatory withdrawal prong of § 157(d).

-3-

withdrawal of reference is core-non-core determination); In re East West Trade Partners, Inc., No. 06-1812, 2007 WL 1213393, at *3 (D.N.J. Apr. 23, 2007) (same)**;** In re Int'l Benefits Group, Inc., No. 06-2363, 2006 WL 2417297, at *2 (D.N.J. Aug. 21, 2006) (same).

The parties devote extensive attention in their briefing to the issue of whether or not the suit filed by Underwriters is a "core" bankruptcy proceeding or one that is "related to" bankruptcy. The Trustee, however, notes that § 157(b)(3) calls for the bankruptcy court, not this Court, to decide the core/non-core issue in the first instance. (Def. Opp. Br. at 13-16.) Section 157(b)(3) provides:

> The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.

28 U.S.C. § 157(b)(3). This Court has interpreted the plain meaning of this statute to require, in the context of a motion to withdraw the reference, that the bankruptcy judge make the initial determination of whether a proceeding is core or non-core. In re East West Trade Partners, Inc., No. 06-1812, 2007 WL 1213393, at *3 ("This court finds that 28 U.S.C. § 157(b)(3) requires the bankruptcy judge to determine whether a proceeding is core or non-core."). But see Harley Hotels, Inc. v. Rain's Int'l, Ltd., 57 B.R. 773, 776 (M.D. Pa. Nov. 15, 1985) (finding that concerns of judicial economy dictated that the district court render a decision in the first instance on whether a proceeding was core or non-core).

In the context of the present motion, this Court agrees with the logic utilized in East West Trade Partners in construing § 157. Section 157 (b)(3) calls for the bankruptcy judge to make the

initial decision on whether a case is a core proceeding, and its language is not ambiguous. 2007 WL 1213393, at *3 n.4. As in East West Trade Partners, Underwriters' motion is predicated on an argument that their case is a non-core bankruptcy proceeding, and that the reference should be withdrawn on that basis. Id. at *4. This Court, in East West Trade Partners, found that without an initial decision by the bankruptcy judge on whether a matter was core or non-core, a motion for withdrawal of the reference was not ripe for judicial decision in the district court because of § 157(b)(3)'s plain language. Id. The motion to withdraw the reference by Underwriters, therefore, is unripe for decision by this Court until such time a bankruptcy court has had an opportunity to render an initial decision on the core/non-core issue under § 157(b)(3). Therefore, Underwriters' motion to withdraw the reference is hereby denied without prejudice. Similarly, as the issue of mandatory abstention depends upon a determination of whether or not this is a core or non-core proceeding, that issue is also unripe, and Underwriters' motion is denied without prejudice with respect to the issue of abstention. 28 U.S.C. § 1334(c)(2).

## CONCLUSION

For the reasons set forth in this Opinion, Plaintiffs' motion is denied. An appropriate Order accompanies this Opinion.

DATED: January 23, 2009                              /s/ Jose L. Linares
                                                     United States District Judge